**The STATE of Ohio, Appellee,**

v.

**LYNN, Appellant.**

[Cite as *State v. Lynn*, 185 Ohio App.3d 390, 2009-Ohio-6812.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22946.

Decided Dec. 23, 2009.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Michael L. Wright, for appellant.

---

DONOVAN, Presiding Judge.

{¶ 1} Jeffrey Lynn appeals from his conviction of aggravated burglary after a jury trial. In his first assignment of error, Lynn contends that the trial court denied him due process because the indictment was misleading. In the second assignment, Lynn contends that his conviction is against the manifest weight of the evidence.

{¶ 2} The incident giving rise to the indictment occurred on April 28, 2008. At that time, Lynn's girlfriend, Juanita Turnage, was living with Marion Jefferson at her apartment on West Fairfield Avenue in Dayton. On occasion, Lynn would stay overnight with Turnage but he did not have a key to Jefferson's apartment. In the early morning of April 28, Lynn came to Jefferson's apartment and began knocking on the apartment windows. When Turnage and Jefferson did not respond, Lynn left and returned at 5:30 that evening, but again Turnage did not respond to Lynn's repeated knocking on the apartment windows. Later, at 11:00 p.m., Lynn returned to the apartment and began knocking on the apartment windows. Turnage went to the front door of the apartment to talk to Lynn.

{¶ 3} Lynn told Turnage, "Bitch, I'm about to fuck you up," and then grabbed her, ripping her shirt. Jefferson came out into the hallway and told Turnage to go back inside and call the police. Turnage went back into their apartment, shut and locked the apartment door and called the police. Outside, Lynn was yelling, "Bitch, you better open up the fucking door. You're going to make things worse for yourself."

{¶ 4} Lynn kicked the apartment door several times until he eventually kicked it off its hinges and entered the apartment. Once inside, Lynn slammed Turnage against a wall and slammed a door on her left foot, which chipped a bone in her foot. When the police arrived, they observed Lynn moving toward Turnage, who

was backing up toward a wall, with fists clenched. He was arrested and taken to jail where he told Officer Dustin Phillips that he was going to go back and kick the door in again as soon as he posted bail.

{¶ 5} The Montgomery County Grand Jury issued the following indictment in this matter:

{¶ 6} "**THE GRAND JURORS** of the County of Montgomery, in the name, and by the authority of the State of Ohio, upon their oaths do find and present that **JEFFREY L. LYNN,** *on or about* **April 298** [sic]**, 2008** *in the County of Montgomery, aforesaid, and State of Ohio,* by force, stealth or deception, did trespass in an occupied structure, to-wit: **residence, located at 1207 W. Fairview Avenue, Apt. # 1** or in a separately secured or separately occupied portion of the occupied structure, when another person, other than an accomplice of the offender, was present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure, any criminal offense, to wit: **theft,** and did recklessly inflict, or attempt or threaten to inflict physical harm on another, to-wit: **Juanita Turnage;** contrary to the form of the statute (in violation of Section 2911.11(A)(1) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio." (Emphasis sic.)

{¶ 7} Because there was no evidence that Lynn trespassed into Jefferson's apartment with the intent to steal, the state moved prior to trial to amend the indictment to remove the word "theft" as superfluous language. Lynn objected to the motion because he contended the amendment would change the name or identity of the charge. The trial court overruled the state's motion, stating that it would ask the jury to determine what criminal offense Lynn intended to commit when he allegedly trespassed into Jefferson's apartment. At the conclusion of the trial, the jury signed a verdict form stating it had found Lynn guilty of aggravated burglary as charged in the indictment. In a separate interrogatory, the jury found that Lynn had not committed the offense of theft as set forth specifically in the indictment. In an additional interrogatory, the jury found that Lynn had committed the criminal offense of assault "as charged in the aggravated burglary indictment."

{¶ 8} In his first assignment of error, Lynn argues that the trial court erred by violating his due process rights to receive adequate notice of the charges against him as a result of a misleading indictment and erroneous jury instructions.

{¶ 9} R.C. 2911.11 provides as follows:

{¶ 10} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an

occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another."

{¶ 11} Lynn concedes that the additional language of the underlying offense was not required to be included in the indictment, but argues that since the state did include it, the state was required to prove that his purpose in committing the trespass into the apartment was to commit a theft offense. He further argues that the court should not have instructed the jury that it could consider assault as the underlying offense in the aggravated-burglary charge. He argues that the jury instruction concerning the assault permitted the jury to convict him on a charge different from that found by the grand jury.

{¶ 12} The state argues that Lynn waived his right to raise a defect in the indictment because he did not raise an objection to it in the trial court. The state also argues that its motion to amend the indictment placed Lynn on notice that it did not intend to prove he broke into Jefferson's apartment to commit a theft offense. The state also argues that the Ohio Supreme Court has held that changing the identity of the predicate offense does not change the nature of the aggravated-burglary charge because the specific crime an offender intended to commit inside the occupied structure is not an element of the aggravated burglary, citing *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995. Thus, the state argues that the jury could be instructed to consider as the predicate offense any crime that is supported by the facts in the case without changing the nature of the offense of aggravated burglary. The state argues that the trial court properly instructed the jury regarding the specific criminal acts that would support the criminal-offense element of the aggravated-burglary charge. Further, the state argues that Lynn's due process rights were protected by having the jurors indicate by their answer to an interrogatory the specific crime they found was committed by Lynn, to wit, assault.

{¶ 13} Lynn objected to the state's request to amend the indictment to allege that he trespassed with a purpose to commit assault because the grand jury had found that he had a different purpose. The allegation that Lynn caused harm to another satisfies the aggravated-burglary element in R.C. 2911.11(A)(1), but it does not address the purpose element found in R.C. 2911.11(A).

{¶ 14} The difference between the act of "theft" and "assault" is significant. Although the trial court initially denied the state's request to amend the indictment, it later instructed the jury on "assault" language, which is an amendment of substance. We note that the appellant appropriately preserved

the issue of lack of notice of such a change. Clearly, the facts the state intended to prove would differ from the indictment's language regarding theft.

{¶ 15} Crim.R. 7 controls the sufficiency of and amendments to criminal indictments. Crim.R. 7(B) deals with sufficiency of indictments and provides:

{¶ 16} "The indictment * * * shall contain a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the applicable section of the statute as long as the words of that statute charge an offense, *or in any words sufficient to give the accused notice of all the elements of the offense with which he is charged.*" (Emphasis added.)

{¶ 17} The state, in the indictment, specified Lynn's purpose as one to commit theft. This was part of the grand jury's determination of probable cause for issuance of the indictment. Lynn had a right to rely upon the act alleged as constituting the offense and rest his defense upon a lack of proof by the state of the conduct specified in the indictment.

{¶ 18} In *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, the Supreme Court held that a jury need not agree unanimously which criminal offense a defendant intended to commit during a burglary.

{¶ 19} *Gardner,* being a plurality decision, is open to just criticism. It leads to harmful consequences as evidenced by the record in this case.

{¶ 20} *Gardner* dealt with juror unanimity, not a grand-jury probable-cause determination. Theft and assault are clearly distinct acts. The action taken by the trial court in instructing on assault, as well as theft, broadened the possible basis for conviction beyond that considered and specified by the grand jury. Lynn was convicted of a crime by a mode of commission different than what was presented to the grand jury. Accordingly, appellant's first assignment of error is sustained.

{¶ 21} In his second assignment of error, Lynn contends that his conviction is against the manifest weight of the evidence. This is rendered moot by resolution of the first assignment of error.

{¶ 22} The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

FAIN, J., concurs.

BROGAN, J., dissents.

BROGAN, Judge, dissenting.

{¶ 23} I respectfully dissent from the majority opinion. The Ohio Supreme Court held in *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, that the "elements" of the offense of aggravated burglary under R.C. 2911.11(A)(2) are that no person by force, stealth, or deception, shall trespass into an occupied structure with purpose to commit in the structure *any criminal offense* if the offender inflicts or attempts or threatens to inflict physical harm on another, or the offender has a dangerous weapon or ordnance on or about his person. The underlying criminal offense the defendant intended to commit during the trespass is not an element of the aggravated-burglary offense. See *Gardner* at ¶ 71. It is obvious from the trial record that the prosecutor's insertion of the underlying offense as "theft" was a drafting error because there was no evidence presented by the state at trial that Lynn had a purpose to commit theft when he trespassed into the apartment where his former girlfriend was staying. The insertion of theft as the underlying criminal offense was mere surplusage and the trial court erred in not permitting the state to amend the indictment. Crim.R. 7(D) allows the amendment of the indictment at any time before, during or after the trial consistent with due process. The amendment did not change the identity of the aggravated-burglary charge. The record discloses that Lynn and his counsel received the extensive discovery packet provided by the state, which includes the police offense reports surrounding the alleged aggravated burglary. Undoubtedly, in light of the trial record, they included no reference to any alleged theft by the defendant. Lynn would not have been prejudiced by the trial court's permitting the state to amend the indictment. I would affirm the appellant's convictions.