THE STATE OF OHIO, APPELLANT, *v.* LYNN, APPELLEE.

[Cite as *State v. Lynn,* 129 Ohio St.3d 146, 2011-Ohio-2722.]

*Criminal law — Indictment — Aggravated burglary — Underlying criminal offense — Plain-error analysis — Conforming jury instructions to the evidence presented at trial.*

(No. 2010-0251 — Submitted January 19, 2011 — Decided June 9, 2011.)

APPEAL from the Court of Appeals for Montgomery County,
No. 22946, 185 Ohio App.3d 391, 2009-Ohio-6812.

_____

CUPP, J.

**Facts and Procedural History**

{¶ 1} Appellee-defendant, Jeffrey Lynn, kicked Marion Jefferson's apartment door numerous times, until he kicked it in. Lynn then proceeded into the apartment and entered the bedroom where his girlfriend, Juanita Turnage, was located. Lynn slammed the door on Turnage's foot, causing a bone to chip. Subsequently, the police arrived and arrested Lynn.

{¶ 2} The Montgomery County Grand Jury indicted Lynn on May 22, 2008, on one count of aggravated burglary in violation of R.C. 2911.11(A)(1): "Lynn, on or about April [28], 2008 * * * by force, stealth or deception, did trespass in an occupied structure, to-wit: * * * when another person, other than an accomplice of the offender, was present, with purpose to commit in the structure * * * any criminal offense, to wit: theft, and did recklessly inflict, or attempt or threaten to inflict physical harm on another, to-wit: Juanita Turnage * * *." (Boldface omitted.)

{¶ 3} Two days before the trial was to commence, the state filed a motion to amend the indictment. The state sought to remove the word "theft"

from the indictment, arguing that it was superfluous language and its removal did not change the substance of the indictment. Lynn filed a written objection to the proposed amendment.

{¶ 4} The morning of trial, the trial court orally denied the state's request to amend the indictment. In so doing, the trial court noted the open discovery required by local rule and that Lynn had received all the state's evidence. However, at the conclusion of the trial, the trial court instructed the jury on the elements of assault and of theft. In addition, the trial court provided interrogatories to the jury to probe whether the jury found that the criminal offense that Lynn entered the apartment with purpose to commit was theft or assault. Lynn did not object to the trial court instructing the jury on the elements of assault and of theft or to the trial court providing the interrogatories to the jury.

{¶ 5} The jury found Lynn guilty of aggravated burglary. In answering the separate interrogatories, the jury unanimously found that Lynn had committed the underlying criminal offense of assault but that he had not committed the underlying criminal offense of theft.

{¶ 6} Lynn appealed to the Second District Court of Appeals. The court of appeals held that the trial court erred in instructing the jury on assault, and it reversed the conviction. 185 Ohio App.3d 390, 2009-Ohio-6812, 924 N.E.2d 397, ¶ 20, 22. As a consequence of this holding, Lynn's second assignment of error, which asserted that his conviction was against the manifest weight of the evidence, was deemed moot by the court of appeals. Id. at ¶ 21.

{¶ 7} We accepted the state's appeal under our discretionary jurisdiction for review of the following proposition of law: "Where there is a clerical error in an aggravated burglary indictment regarding the name of the underlying offense, and the defense is notified of the error, the court does not violate due process by instructing the jury on the underlying offense that was demonstrated by the evidence at trial." See 125 Ohio St.3d 1413, 2010-Ohio-1893, 925 N.E.2d 1001.

**{¶ 8}** The issue in this case is whether a defendant's due-process rights are violated when the defendant knows prior to trial that an aggravated-burglary indictment incorrectly states the underlying criminal offense, but the trial court, at the conclusion of the trial, conforms the jury instructions to the evidence presented at trial and instructs the jury on the correct underlying criminal offense. For the reasons that follow, we conclude that due process is not violated under these circumstances. We reverse the judgment of the court of appeals and remand this matter to the court of appeals for consideration of the remaining assignment of error.

**Analysis**

**{¶ 9}** The state argues that the jury instruction on assault did not violate Lynn's due-process rights, because the indictment tracked the language of the aggravated-burglary statute and included the essential elements of the offense. Thus, the state asserts that Lynn was on notice of the charge of aggravated burglary against him.

**{¶ 10}** Lynn acknowledges that the indictment did not have to delineate the underlying criminal offense. However, Lynn asserts that once the indictment stated the underlying offense as theft, a jury instruction on assault or any other predicate offense was error. Lynn further asserts that providing the assault interrogatory allowed the jury to convict him of a crime for which he had not been properly indicted.

**{¶ 11}** "For all its consequence, 'due process' has never been, and perhaps can never be, precisely defined. * * * [D]ue process 'is not a technical conception with a fixed content unrelated to time, place and circumstances.' *Cafeteria Workers v. McElroy* [1961] 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230. Rather, the phrase expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty. Applying the Due Process Clause is therefore an uncertain enterprise which must discover

what 'fundamental fairness' consists of in a particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake." *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina* (1981), 452 U.S. 18, 24-25, 101 S.Ct. 2153, 68 L.Ed.2d 640.

{¶ 12} Although Lynn objected to the state's motion to amend the indictment, he failed to object to the trial court instructing the jury on the underlying offense of assault. Lynn's " ''failure to object [to the jury instructions] before the jury retire[d] in accordance with the second paragraph of Crim.R. 30(A), absent plain error, constitutes a waiver.' " *State v. Keenan* (1998), 81 Ohio St.3d 133, 151, 689 N.E.2d 929, quoting *State v. Williford* (1990), 49 Ohio St.3d 247, 251, 551 N.E.2d. 1279.

{¶ 13} We therefore consider this matter under a plain-error analysis. Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Thus, there are "three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, *i.e.,* a deviation from a legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *State v. Barnes* (2002)*,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240.

{¶ 14} Even when all three prongs are satisfied, a court still has discretion whether or not to correct the error. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, at ¶ 62. This court "acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long*

(1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

{¶ 15} We find no plain error in the actions of the trial court because the jury instructions given by the trial court did not result in fundamental unfairness to Lynn. Due process requires that the state establish beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368. "[A] defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged." *State v. Adams* (1980), 62 Ohio St.2d 151, 153, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 16} The relevant portion of the aggravated-burglary statute states: "No person, by force * * * shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another." R.C. 2911.11(A)(1). We agree with the statement that "'the specific crime or crimes intended to be committed inside burglarized premises is *not* an element of burglary that must be included in the * * * jury instructions * * *.' " (Emphasis sic.) *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, at ¶ 71 (plurality opinion), quoting *State v. Bergeron* (1985), 105 Wash.2d 1, 16, 711 P.2d 1000. Consequently, the trial court was not required to instruct the jury on the elements of any underlying offense.

{¶ 17} Although a trial court is not required to instruct on the elements of the underlying offense that a defendant intends to commit while trespassing in an occupied structure, this court has previously expressed a preference that the trial court do so. "We think that it is preferable for the trial judge to instruct the jury in all aggravated-burglary cases as to which criminal offense the defendant is alleged to have intended to commit once inside the premises and the elements of

that offense. Such instructions provide an important road map for the jury in its deliberations and help ensure that jurors focus on specific conduct that constitutes a criminal offense." Id. at ¶ 73. Further, "[t]rial judges are in the best position to determine the content of the instructions based on the evidence at trial * * *." Id. at ¶ 74.

{¶ 18} In this matter, the trial court provided instructions on both assault *and* theft. In so doing, the court provided instruction on the underlying criminal offense stated in the indictment as well as the underlying criminal offense that conformed to the evidence presented at trial. The inclusion of the elements of theft in the instruction was no more than surplusage that, as the jury interrogatories made clear, did not prejudice the defendant.

{¶ 19} The better procedure, of course, would have been for the trial court to have granted the state's motion to amend the indictment prior to the commencement of the trial. Amendment of the indictment, as requested prior to trial by the state, would have been proper under Crim.R. 7(D) because removing the surplus word "theft" did not change either the name or identity of the crime charged, which was aggravated burglary.

{¶ 20} Our conclusion that there was no plain error is not altered by the fact that the indictment denominated "theft" as the only underlying criminal offense intended to be committed. " 'An indictment meets constitutional requirements if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." ' " *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 9,quoting *State v. Childs* (2000), 88 Ohio St.3d 558, 565, 728 N.E.2d 379, quoting *Hamling v. United States* (1974), 418 U.S. 87, 117-118, 94 S.Ct. 2887, 41 L.Ed.2d 590. Moreover, an indictment that sufficiently tracks the

statutory language of the charged offense is not defective if the elements of the underlying offense of the charged offense are not identified. *Buehner* at ¶ 10.

{¶ 21} Lynn was charged with aggravated burglary. The indictment contained all the essential elements of aggravated burglary. Because Lynn received all the state's evidence, he was aware that use of the term "theft" in the indictment was surplusage. Consequently, the indictment provided Lynn with sufficient notice of the charge against which he must defend. The trial court instructed the jury on all the elements that the state had to prove to establish the commission of the crime of aggravated burglary. The evidence at trial related only to the underlying criminal offense of assault. Accordingly, the inclusion of the clerical error in the indictment was harmless surplusage.

## Conclusion

{¶ 22} We hold that when a defendant is aware prior to trial that an aggravated-burglary indictment incorrectly states the underlying criminal offense, the trial court does not violate defendant's due-process rights by conforming the jury instructions to the evidence presented at trial and instructing the jury on the correct underlying criminal offense. We reverse the judgment of the court of appeals. Because the court of appeals sustained Lynn's first assignment of error, it did not consider Lynn's second assignment of error. We, therefore, remand this cause to the court of appeals for consideration of Lynn's second assignment of error.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER, J., dissents.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 23} I concur in the judgment, but I am concerned that by labeling the error in this indictment as "harmless surplusage," the majority minimizes the requirement that indictments contain all elements of the crime charged. Here, the indictment notified Lynn that he had been charged by the grand jury with aggravated burglary in violation of R.C. 2911.11(A)(1) with the following language: "Lynn, on or about April [28], 2008 * * * by force, stealth or deception, did trespass in an occupied structure, * * * with purpose to commit in the structure * * * any criminal offense, to wit: *theft*, and did recklessly inflict, or attempt or threaten to inflict physical harm on another, to-wit: Juanita Turnage * * *." (Boldface omitted and emphasis added.) Lynn was on notice that the state would present evidence that in entering the structure, his purpose was to commit theft. In my view, purpose to commit a specific crime is a necessary element to be proven beyond a reasonable doubt.

{¶ 24} Relying on *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, the majority states that the specific crime or crime intended to be committed inside the premises is not an element of the offense of aggravated burglary that must be included in the jury instructions. Thus, to the majority, the inclusion of the element of theft was meaningless. But *Gardner* is a plurality opinion, and therefore is not binding authority. As I have previously stated, the phrase "with the purpose to commit in the structure * * * any criminal offense" in R.C. 2911.11(A) defines the mens rea that the state must prove beyond a reasonable doubt, and, as a matter of due process, the jury should be instructed on the elements of the particular crime that a defendant intended to commit once inside the premises. Id. at ¶ 89.

{¶ 25} Although the trial court denied the state's Crim.R. 7(D) motion to amend the indictment before the trial began, the court instead ensured that the jury instructions conformed to the evidence by providing instructions on assault. No

objection was entered to the trial court's instruction on assault as a potential underlying offense to the aggravated burglary or to the interrogatories to test the verdict. Lynn cannot show plain error, because the jury instructions conformed to the evidence presented at trial, and he did not show prejudice.

{¶ 26} In answering the interrogatories and finding Lynn guilty of aggravated burglary, the jury unanimously found that Lynn had committed the underlying offense of assault, but not of theft. Because the jurors deliberated on all elements of aggravated burglary and Lynn was not prejudiced by the court's jury instructions, I concur in this court's judgment reversing the judgment of the court of appeals.

_____

**PFEIFER, J., dissenting.**

{¶ 27} I agree with much of Justice Lanzinger's concurring opinion. However, I do not agree that this court should have employed a plain-error analysis in this case. Lynn filed an objection to the state's motion to amend the indictment, properly preserving the issue whether he could be convicted of an offense different from that listed in the indictment. The court of appeals got it right:

{¶ 28} "The state, in the indictment, specified Lynn's purpose as one to commit theft. This was part of the grand jury's determination of probable cause for issuance of the indictment. Lynn had a right to rely upon the act alleged as constituting the offense and rest his defense upon a lack of proof by the state of the conduct specified in the indictment.

{¶ 29} " * * *

{¶ 30} " * * * Theft and assault are clearly distinct acts. The action taken by the trial court in instructing on assault, as well as theft, broadened the possible basis for conviction beyond that considered and specified by the grand jury. Lynn was convicted of a crime by a mode of commission different than what was

presented to the grand jury." *State v. Lynn*, 185 Ohio App.3d 390, 2009-Ohio-6812, 924 N.E.2d 397, ¶ 17-20.

**{¶ 31}** We do a disservice to defendants and the rule of law by not requiring precision in the indictment process. Today, the majority plants another "close enough is good enough" garden for the state. Expect weeds.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Melissa M. Prendergast, Assistant Public Defender, for appellee.

_____