Pfeifer, J.,
dissenting.
{¶ 27} I agree with much of Justice Lanzinger’s concurring opinion. However, I do not agree that this court should have employed a plain-error analysis in this case. Lynn filed an objection to the state’s motion to amend the indictment, properly preserving the issue whether he could be convicted of an offense different from that listed in the indictment. The court of appeals got it right:
{¶ 28} “The state, in the indictment, specified Lynn’s purpose as one to commit theft. This was part of the grand jury’s determination of probable cause for issuance of the indictment. Lynn had a right to rely upon the act alleged as constituting the offense and rest his defense upon a lack of proof by the state of the conduct specified in the indictment.
{¶ 29} “ * * *
{¶ 30} “ * * * Theft and assault are clearly distinct acts. The action taken by the trial court in instructing on assault, as well as theft, broadened the possible basis for conviction beyond that considered and specified by the grand jury. Lynn was convicted of a crime by a mode of commission different than what was presented to the grand jury.” State v. Lynn, 185 Ohio App.3d 390, 2009-Ohio-6812, 924 N.E.2d 397, ¶ 17-20.
*153 Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Melissa M. Prendergast, Assistant Public Defender, for appellee.
{¶ 31} We do a disservice to defendants and the rule of law by not requiring precision in the indictment process. Today, the majority plants another “close enough is good enough” garden for the state. Expect weeds.