[Cite as *State v. Zou*, 2012-Ohio-1911.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110515 |
| | | TRIAL NO. 11TRD-34925 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| YONGKUN ZOU, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 2, 2012

*John Curp*, City Solicitor*, Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Charleston C. K. Wang*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1} Following a bench trial, defendant-appellant Yongkun Zou was convicted of violating Cincinnati Municipal Code 506-39. It provides that "[t]he operator of a vehicle about to enter or cross a highway from any place other than another roadway shall yield the right of way to all traffic approaching on the roadway to be entered or crossed." Zou has filed a timely appeal from that conviction in which she asserts three assignments of error. We find merit in her arguments, and we, therefore, reverse the trial court's judgment.

{¶2} In her first assignment of error, she contends that the trial court erred by failing to apply a reasonable-doubt standard. She argues that the state was required to prove the elements of Cincinnati Municipal Code 506-39 beyond a reasonable doubt, and that the trial court violated her right to due process by not requiring that level of proof. This assignment of error is well taken.

{¶3} Cincinnati Municipal Code 512-1 specifically states that "[i]t is a misdemeanor for any person to violate the provisions of the traffic code unless such a violation is a parking infraction * * * or unless such violation is by a law of this state declared to be a felony." Thus, the code defines a violation of Cincinnati Municipal Code 506-39 as a misdemeanor.

{¶4} Further, Cincinnati Municipal Code 902-1 provides that "[o]ffenses in the Cincinnati Municipal Code include misdemeanors of the first, second, third, and fourth degree, minor misdemeanors, and misdemeanors not specifically classified." Thus, the Cincinnati Municipal Code indicates, and the state concedes, that a violation of Cincinnati Municipal Code 506-39 is a misdemeanor criminal offense requiring the state to prove the elements of the offense beyond a reasonable doubt.

*See* R.C. 2901.05(A); *State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, 950 N.E.2d 931, ¶ 15; *State v. Brown*, 7 Ohio App.3d 113, 115, 454 N.E.2d 596 (10th Dist.1982).

{¶5} The record shows that at the close of the state's case, Zou moved for a judgment of acquittal under Crim.R. 29(A). The trial court stated, "So the standard is not reasonable doubt at this juncture. So it's denied." After the defense rested without presenting any evidence, Zou's counsel argued, "we reiterate to the Court the testimony here is not beyond a reasonable doubt of what occurred." The trial court responded, "Good try. The finding is guilty." Thus, Zou argues, the record affirmatively demonstrates that the court failed to apply the reasonable-doubt standard. *See State v. Townsend*, 6th Dist. No. L-09-1231, 2011-Ohio-6308, ¶ 68-71. We agree.

{¶6} The state contends that the standard of proof for a Crim. R. 29 motion and a conviction are not the same. It argues that because a Crim.R. 29 motion requires the court to view the evidence in a light most favorable to the prosecution, the burden of proof is significantly lower than the reasonable-doubt standard. This is not a correct interpretation of the law.

{¶7} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved *beyond a reasonable doubt*." (Emphasis added.) *State v. Bridgeman*, 55 Ohio St.2d 251, 381 N.E.2d 184 (1978), syllabus. This court has said many times that a claim that the trial court erred in overruling a Crim.R. 29(A) motion is the same as a claim that the evidence was insufficient to support the conviction. *See, e.g., State v. Jones*, 1st Dist. No. C-080518, 2009-Ohio-4190, ¶ 41; *State v. Brewster*, 1st Dist. Nos. C-030024 and C-030025, 2004-Ohio-2993, ¶ 73.

3

{¶8}     Courts, including this one, have held that the failure to properly instruct a jury on reasonable doubt is prejudicial error. *See State v. Black*, 78 Ohio App.3d 130, 133-134, 604 N.E.2d 171 (1st Dist.1991); *Cleveland v. Buckley*, 67 Ohio App.3d 799, 805, 588 N.E.2d 912 (8th Dist.1990); *Brown*, 7 Ohio App.3d at 115-116, 454 N.E.2d 596.  In so holding, we stated,

> The idea that a defendant is presumed innocent until his guilt is established beyond a reasonable doubt is the very cornerstone of our criminal justice system.  It is, by design, a difficult standard to meet, and any charge to the jury which lessens the standard or which leaves the jury uncertain as to what the standard is or how it is to be applied is not acceptable. *Black* at 133-134.

If it is error for a trial court to fail to properly instruct a jury on reasonable doubt, it is also error for a court to fail to apply the correct standard in a bench trial.

{¶9}     Consequently, we sustain Zou's first assignment of error.  We reverse the trial court's judgment of conviction, and remand the case to the trial court for a new trial.  Our resolution of the first assignment of error renders her second and third assignments of error moot, and we decline to address them.  *See* App.R. 12(A)(1)(c).

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
>   The court has recorded its own entry this date.