[Cite as *State v. Alexander*, 2013-Ohio-1913.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA945 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| BARRY ALEXANDER, | : | |
| | : | **RELEASED 05/03/13** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Timothy Young, Ohio State Public Defender, and Valerie Kunze, Ohio State Assistant Public Defender, Columbus, Ohio, for appellant.

David Kelley, Adams County Prosecutor, West Union, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Barry Alexander appeals his conviction for having weapons while under disability in violation of R.C. 2923.13(A)(4), which he argues is unconstitutional. Alexander claims that in light of recent United States Supreme Court decisions, the statute violates the fundamental right to bear arms under the federal and state constitutions.  Alexander failed to raise these issues with the trial court and thus, if we were to address them for the first time on appeal, it would be under plain error standard. However, a Second Amendment challenge requires a heightened level of scrutiny that involves burden shifting to the state including establishing a substantial "fit" between an important governmental interest and the enforcement mechanism adopted by the legislature to serve that end.  Because it would be unfair to conduct an analysis that requires the state to establish the constitutionality of the statute when it had no opportunity to do so at the trial level, we decline to conduct a plain error review.

{¶2} Next Alexander contends that R.C. 2923.13(A)(4) is unconstitutionally vague and therefore violates his due process rights under the federal and state constitutions. However, Alexander also failed to raise this issue with the trial court. Nevertheless, because his void-for-vagueness argument does not require burden shifting and a complicated fact-specific analysis like his first assignment of error, we exercise our discretion and consider it. R.C. 3719.011 defines "drug dependent person" and "person in danger of becoming a drug dependent person" in an intelligible manner. Because a person of ordinary intelligence can understand whether he or she is under a disability and prohibited from carrying a firearm under the law, the statute is not void for vagueness.

{¶3} Finally, Alexander claims the trial court misstated the law in its instructions to the jury, resulting in a denial of his right to a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments and Article 1, Sections 10 and 16 of the Ohio Constitution. However, his trial counsel did not object to the court's instructions or the court's responses to the jury's questions concerning the statute. Moreover, the record shows that the court explained each essential element of offense in its responses to the jury, so any potential error was cured by the jury's consideration of the proper elements. Therefore, Alexander cannot show error, plain or otherwise, and we reject his argument.

I. FACTS

{¶4} This case involves an early morning traffic stop and the resulting discovery of a loaded rifle in Barry Alexander's automobile. Trooper Grooms noticed that the truck in front of him did not have a working license plate light, so he initiated a traffic stop. When the trooper approached the truck he immediately saw a rifle on the passenger

seat. He asked the driver, Alexander, to step out of the truck while he searched the vehicle. After finding drug paraphernalia and methamphetamine inside his truck, Trooper Grooms arrested Alexander. Subsequently, the state charged Alexander with having a weapon while under disability, improperly handling firearms in a motor vehicle, and aggravated possession of drugs.

{¶5} At trial Trooper Grooms testified that in addition to the methamphetamine, he found three spoons, a hypodermic syringe, a Q-tip and a soda can in Alexander's truck. He testified that based on his experience, these items are consistently used together to inject drugs. He also testified that after arriving at the jail, Alexander told him that he had tried to shoot up earlier, but was unsuccessful because he had "bad veins." Furthermore, he told Trooper Grooms that had a "drug problem." After the state rested, Alexander moved for acquittal under Crim.R. 29 on the grounds that the state had not proven he was an alcoholic, drug dependent, or in danger of becoming drug dependent. The state responded that its theory was Alexander was in danger of becoming drug dependent based on Trooper Groom's testimony that he admitted having a drug problem and attempting to inject drugs earlier that day. The court denied Alexander's motion finding that the frequency of his drug use was an issue for the trier of fact.

{¶6} The jury convicted Alexander of all counts and the court sentenced him to a total prison term of 30 months. Alexander now appeals his conviction for having weapons while under disability.

## II. ASSIGNMENTS OF ERROR

{¶7} Alexander raises three assignments of error for our review:

1. BARRY ALEXANDER'S INDICTMENT AND CONVICTION UNDER R.C. 2923.13(A)(4) VIOLATE THE INDIVIDUAL AND FUNDAMENTAL RIGHT TO BEAR ARMS PROTECTED BY THE SECOND AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 4 OF THE OHIO CONSTITUTION.

2. BARRY ALEXANDER'S INDICTMENT AND CONVICTION UNDER R.C. 2923.13(A)(4) VIOLATE HIS RIGHT TO DUE PROCESS AS GUARANTEED  BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

3. THE TRIAL COURT MISSTATED THE LAW IN ITS INSTRUCTIONS TO THE JURY BY INCLUDING THE LANGUAGE "NOT HAVING BEEN RELIEVED OF DISABILITY AS PROVIDED IN SECTION 2923.14 OF THE REVISED CODE" WHEN IT DOES NOT APPLY TO THE OFFENSE OF HAVING WEAPONS WHILE UNDER DISABILITY UNDER REVISED CODE SECTION 2923.13(A)(4), AND THEREBY DEPRIVED MR. STEPHENSON[sic] OF HIS RIGHT TO A FAIR TRIAL BEFORE A PROPERLY INSTRUCTED JURY, AND OF HIS RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED  BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

### III. LAW AND ANALYSIS

#### A. Waiver and Plain Error

**{¶8}**     In his first assignment of error, Alexander attacks the constitutionality of R.C. 2923.13(A)(4) and claims that the statute violates his federal and state constitutional rights.  Initially, he contends that in light of the recent decisions by the Supreme Court of the United States in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and *McDonald v. City of Chicago*, __ U.S. __, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), the statute "unconstitutionally limits the fundamental right to bear arms," as conferred by the Second Amendment to the United States Constitution.  He also claims that the statute violates his right to bear arms under Article 1, Section 4 of the Ohio Constitution.  However, he failed to raise either of these issues with the trial court.

**{¶9}**  It is well-established that the "failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.  However, the Supreme Court of Ohio has also held that "the waiver doctrine announced in *Awan* is discretionary." *In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988).  "Even where waiver is clear, [a reviewing court may] consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *Id.* at syllabus.

**{¶10}**  Under Crim.R. 52(B) "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  "Thus, there are 'three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial.  First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain.  To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights."  Courts have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.'" *State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, 950 N.E.2d 931, ¶ 13, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

**{¶11}**  "Even when all three prongs are satisfied, a court still has discretion whether or not to correct the error." *Lynn* at ¶ 14.  The Supreme Court of Ohio has acknowledged the discretionary aspect of Crim.R. 52(B) by cautioning courts to notice

plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶12}** In this case, it is clear from the record that Alexander failed to raise any constitutional argument regarding R.C. 2923.13(A)(4) at the trial court level. Nor does Alexander even argue that plain error should apply on appeal. Because such issues were apparent and available at the time of his trial, we will not address them for the first time on appeal. *See State v. Klintsworth*, 4th Dist. No. 10CA40, 2011-Ohio-5553, ¶ 23. We base our decision to not address Alexander's claims of the unconstitutionality of R.C. 2923.13(A)(4) in large part on the analytic structure of the issues he raises.

**{¶13}** In his first assignment of error he attacks the constitutionality of the statute under the Second Amendment. In *Heller*, the Supreme Court of the United States held that the Second Amendment preserves the individual right to keep and bear arms. *Heller*, 554 U.S. at 592, 595, 128 S.Ct. 2783, 171 L.E2d 637 (2008). With this in mind, the Court found that the District of Columbia law prohibiting the possession of handguns inside the home violated the Second Amendment. *Id.* at 573.

**{¶14}** Then in *McDonald* the Court held that "the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*," and therefore the right is fully applicable to the States. *McDonald*, __ U.S. __, 130 S.Ct. at 3050, 177 L.Ed.2d 894 (2010). Accordingly, the Court struck down a law similar to the District of Columbia's in *Heller*, which effectively banned handgun possession by almost all private citizens in Chicago. *Id.* at 3026.

{¶15} Normally, all statutes enjoy a strong presumption of constitutionality. *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 20. To overcome the presumption, the party challenging the law must prove beyond a reasonable doubt that the statute is unconstitutional. *Id.* However, this presumption applies when the state restriction on constitutional rights is subject to the lowest level of judicial scrutiny, i.e. the rational basis test. When a more rigorous level of inquiry replaces minimum scrutiny, the presumption of constitutionality disappears and is replaced by shifting the burden to the state of justifying the intrusion. *See Ezell v. City of Chicago*, 651 F.3d 684, 706 (7th Cir.2011), citing *Heller* at 628, fn. 27. Just how heavy a burden the state must assume in that context is a newly emerging issue and "Ohio courts have not reached any consensus as to the proper level of scrutiny in the aftermath of *Heller*." *State v. Shover*, 9th Dist. No. 25944, 2012-Ohio-3788, ¶ 12.

{¶16} In this case, Alexander urges us to consider the constitutionality of R.C. 2923.13(A)(4) under a strict scrutiny standard because the Supreme Court in *McDonald* found that the Second Amendment confers a fundamental right to bear arms. Although the Court in *Heller* confirmed that laws regulating the right to bear arms are subject to more than just rational basis scrutiny, it did not state which level of heightened scrutiny should apply to Second Amendment challenges. *Heller*, 554 U.S. at 628, fn. 27, 128 S.Ct. 2783, 171 L.E2d 637 (2008). And because under either level of heightened scrutiny the state bears the burden of proving the statute's constitutionality, it is not fair to place this burden at the appellate level on the state without having afforded it the opportunity to present evidence to the trial court.

**{¶17}** In addition to the question of what level of scrutiny applies, the issue of the fit between a legitimate governmental interest and the statutory framework chosen to address that end is complex and should be developed in the record at the trial level. For instance, should the state be able to rely on anecdote and mere argument, or must it supply empirical studies? Is resort to common sense sufficient to satisfy the state's burden? Because of the complex nature of such an analysis, we deem Alexander's first assignment of error forfeited and decline to address these constitutional issues under a plain error standard.

## B. Void-For-Vagueness

**{¶18}** In his second assignment of error, Alexander argues that R.C. 2923.13(A)(4) is also unconstitutionally vague. Again, Alexander failed to raise this constitutional argument with the trial court and therefore it is within our discretion not to address it as plain error on appeal. However, because this constitutional issue does not involve burden shifting and a complicated analysis, we will consider its merits.

**{¶19}** "The void-for-vagueness doctrine is a component of the right to due process and is rooted in concerns that laws provide fair notice and prevent arbitrary enforcement." *In re Application of Columbus S. Power Co.*, __Ohio St.3d__, 2012-Ohio-5690, 983 N.E.2d 276, ¶ 20. However, impossible standards of specificity are not required. *State v. Carrick,* 131 Ohio St.3d 340, 2012-Ohio-608, 965 N.E.2d 264, ¶ 14. As already indicated, statutes generally enjoy a strong presumption of constitutionality, so to overcome the presumption, the party challenging the law must prove beyond a reasonable doubt that the statute is unconstitutional. *Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, at ¶ 20

**{¶20}**  Alexander does not specify whether he is claiming that the statute is unconstitutional on its face or as applied to the facts of his case.  He does not contend that the application of the statute in the particular context of his conduct is unconstitutional.  Rather, he argues generally that a person of ordinary intelligence could not reasonably understand what acts R.C. 2923.13(A)(4) prohibits.  Therefore, we construe his argument as a facial challenge. *See Carrick* at ¶ 15-16.

**{¶21}**  A facial challenge requires that "the challenging party * * * show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *State v. Anderson*, 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991), quoting *Coates v. Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).  "In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." *Anderson* at 171. Therefore, the defendant "must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." *Id.*

**{¶22}**  Here, R.C. 2923.13(A)(4) provides sufficient notice for a person of ordinary intelligence to understand what he or she is prohibited from doing under the law.  R.C. 2923.13(A)(4) states: "Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if  * * * [t]he person is drug dependent, in danger of drug dependence, or a chronic alcoholic."  Furthermore, R.C. 3719.011 provides:

As used in the Revised Code:

(A) "Drug of abuse" means any controlled substance as defined in section 3719.01 of the Revised Code, any harmful intoxicant as defined in section 2925.01 of the Revised Code, and any dangerous drug as defined in section 4729.01 of the Revised Code.

(B) "Drug dependent person" means any person who, by reason of the use of any drug of abuse, is physically, psychologically, or physically and psychologically dependent upon the use of such drug, to the detriment of the person's health or welfare.

(C) "Person in danger of becoming a drug dependent person" means any person who, by reason of the person's habitual or incontinent use of any drug of abuse, is in imminent danger of becoming a drug dependent person.

**{¶23}** Thus, this is not a case where no standard of conduct is specified. Contrary to Alexander's assertion that "there is no definite standard to prove who can fall under the three categories of persons listed in the statute," the definitions in R.C. 3719.011 identify an objective standard for a person of ordinary intelligence to determine whether he falls within the classification of drug dependent person or in danger of becoming a drug dependent person. Although Alexander points to the jury's questions during deliberation as evidence that an ordinary person would struggle with understanding the statute, this does not prove beyond a reasonable doubt that R.C. 2923.13(A)(4) is unconstitutionally vague. As we discuss below, the court initially included language that was not an element of the offense in its instructions to the jury. Although the jury returned with questions regarding this additional language, the jury deliberated and returned with a guilty verdict after the court clearly explained each element of the offense. This indicates that they understood the statute and what conduct it prohibited. Moreover, it was the court, rather than the statute itself, that caused the jury's initial confusion.

**{¶24}** Alexander also argues that "law enforcement personnel are given excessive discretion in determining when to enforce this provision," because "[t]he statute does not provide any explicit standards for those who are charged with enforcing it * * *." However, as we have already indicated, the definitions provided in R.C. 3719.011 provide an objective standard for law enforcement to determine which persons are prohibited by R.C. 2923.13(A)(4) from carrying a firearm. Therefore, contrary to Alexander's assertions, the language in R.C. 3719.011 actually prohibits law enforcement from exercising excessive discretion. Although he claims that the statute "can be enforced against non-dangerous gun owners whenever an officer * * * has the slightest evidence that the gun owner may have recently used or tried drugs," the definitions provided in R.C. 3719.011 directly contradict this assertion. Rather, a drug dependent person must be "physically, psychologically, or physically and psychologically dependent upon the use of such drug, to the detriment of the person's health or welfare"; a person in danger of becoming drug dependent must participate in "habitual or incontinent use of any drug of abuse" and be "in imminent danger of becoming a drug dependent person." R.C. 3719.011(B) & (C). Clearly, a conviction under R.C. 2923.13(A)(4) requires more than just an officer's belief that the defendant has recently used or tried drugs.

**{¶25}** Finally, Alexander argues that R.C. 2923.13(A)(4) is unconstitutionally vague because it infringes on the fundamental right to bear arms. However, under his first assignment of error we have already declined to address his Second Amendment claim because Alexander failed to raise it in the trial court. Accordingly, we overrule Alexander's second assignment of error.

C. Jury Instructions

**{¶26}** Finally, in his third assignment of error Alexander argues that when the trial court misstated the law in its instruction to the jury for his weapons under disability offense, the court violated his right to a fair trial before a properly instructed jury, and his federal and state right to due process. Specifically, he points out the court's instructions included the language "not having been relieved of disability as provided in Section 2923.14 of the Revised Code," which was included in the indictment, but is not part of the description of the offense. He claims this confused the jury, resulting in an erroneous verdict.

**{¶27}** Because Alexander failed to object to the court's jury instructions at trial, he was waived all but plain error. *See* ¶ 10 of this opinion (discussing plain error).

**{¶28}** "Due process requires that the state establish beyond a reasonable doubt every fact necessary to constitute the crime charged." *Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, 950 N.E.2d 931, at ¶ 15. "As a general rule, a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged * * *." *State v. Adams*, 62 Ohio St.2d 151, 153, 404 N.E.2d 144 (1980).

**{¶29}** R.C. 2923.13(A)(4) states: "Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if  * * * [t]he person is drug dependent, in danger of drug dependence, or a chronic alcoholic." However, "unless relieved from disability" is not an element of the offense, but an affirmative defense. *See State v. Whitaker*, 4th Dist. No. 07CA3168, 2008-Ohio-4149, ¶ 20. Therefore, the defendant rather than the state has the burden of proof on that issue. *Id.* Accordingly, the

language is not included in the Ohio Jury Instructions for R.C. 2923.13(A).  3 Ohio Jury

Instructions, Section 523.13 (2012).

{¶30}  When the court initially provided the instructions to the jury, it stated :

Before you can find the defendant guilty in count one, having weapons while under disability you must find beyond a reasonable doubt that on or about January 14th, 2011, in Adams County, Ohio, that the defendant, Barry Alexander, not having been relieved from disability as provided in Section 2923.14 of the Revised Code, did knowingly acquire, have, carry or use a firearm or dangerous ordinance, and that said Barry Alexander is drug dependent, in danger of drug dependence, or is a chronic alcoholic.  This act is alleged to be in violation of Ohio Revised Code 2923.13(A)(4).

{¶31}  After the court finished addressing the jury, the state informed the court

that it included the language "not having been relieved from disability," but that the Ohio

Jury Instructions do not include it as an element of the offense and it was concerned

that the jury would determine that it was essential element that the state must prove.

The court asked both counsel whether they would like it corrected.  The state

responded that it was not seeking a curative instruction, but would like the language

omitted from the written instructions provided to the jury.  Alexander's counsel clarified

that he did not have any objection and would "leave it to the discretion of the court."

The court agreed and did not give a curative instruction before the jury began

deliberations.

{¶32}  Once the jury left the courtroom, the court again discussed the issue with

counsel.  Defense counsel again stated that he would "leave it to the sound discretion of

the court."  The court decided that it was not going to strike the language from the jury

instructions, but rather if the jury returned with a question, it would respond that the

statutory language was not an essential element, but an affirmative defense that the

defense must raise.

{¶33} After approximately 45 minutes of deliberation, the jury returned with its first question for the court. The three-part question asked: 1.) "was Mr. Alexander under weapons disability on January 14th, 2011;" 2.) "if he was under the disability what was the charges pertaining to this restriction;" and 3.) "define disability to have weapons while under this."

{¶34} The court proposed to answer part one of the jury's question in the negative and part two not as applicable. Addressing part three, it responded:

> The words "not having been relieved of disability as provided in Section 2923.14 of the Revised Code" are not part of the description of the offense. Rather it is an affirmative defense that may be asserted by the defendant. "Not having been relieved of this disability" is not an essential element required proved by the State of Ohio. The essential element of "having weapons while under disability," which is required proven beyond a reasonable doubt requires a finding of Mr. Alexander "drug dependent person" or "in danger of becoming a drug dependent person" or "chronic alcoholic." The definition of each can be found on pages 5 and 6 of the jury instructions submitted.

> Defense counsel stated that he was "satisfied with the answer."

{¶35} Shortly thereafter, the jury submitted its second question for the court: "Why does the court instructions say that Barry Alexander 'not having been relieved of disability as provided under section 2923.14 of the Revised Code'? And your response to the question previously asked about if he was on weapons disability stated he was not on weapons disability. Define weapons disability."

{¶36} The court again responded without objection from defense counsel: "The court instructions that say that Barry Alexander 'not having been relieved of disability as provided under section 2923.14 of the Revised Code.' The Court's instructions say that because this is the statutory language from which the Court has no authority to change." In response to the defining weapons disability inquiry, the court responded:

Having a weapons disability requires you to find beyond a reasonable doubt each of the following: 1.) on or about January 14th, 2011, in Adams County Ohio; 2.) Barry Alexander; 3.) did knowingly acquire, have, carry, or use a firearm or dangerous ordinance; 4.) and the said Barry Alexander was drug dependent, in danger of drug dependence, or was a chronic alcoholic. The statutory language "not having been relieved from disability as provided in Section 2923.14 of the Revised Code" is not an essential element required proven by the State of Ohio. It is simply statutory language not applicable to the subject case.

There were no further questions from the jury after this response, and the jury deliberated for nearly three more hours before returning with a guilty verdict.

**{¶37}** Alexander points to the jury's questions and the court's responses as evidence of prejudicial error. However we disagree, especially considering that Alexander's trial counsel consented to all of the court's responses. In its last response, the court clearly explained each element of the offense and that "not having been relieved from disability" is not an essential element that the state must prove. Any error by the court was cured with its responses, allowing the jury to consider the proper elements. Accordingly, we cannot say that the error affected Alexander's substantial rights. We overrule Alexander's third assignment of error.

## IV. CONCLUSION

**{¶38}** In conclusion, we decline to address Alexander's first assignment of error because he failed to raise the constitutional issue at the trial court level. We overrule his second and third assignment of errors and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
       William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**