OPINION JUDGMENT ENTRY
{¶ 1} Rick L. Wallace appeals the maximum and consecutive sentence imposed by the Delaware County Court of Common Pleas. The appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} On December 6, 2002, appellant was indicted by the Delaware County Grand Jury for one count of grand theft, a felony of the fourth degree, in violation of R.C. 2913.02 (A)(3) and ten (10) counts of unlawful use of a telecommunication device, felonies of the fifth degree, in violation of R.C. 2913.06
(B)(1). The conduct giving rise to these offenses is alleged to have occurred between August 8, and August 15, 2001.
 {¶ 3} On June 30, 2003, appellant executed a written plea agreement to one count of grand theft, a felony of the fourth degree. The remaining ten counts of the indictment were dismissed. At the change of plea hearing, the trial court delayed sentencing and ordered a pre-sentence investigation report.
 {¶ 4} On August 18, 2003, the trial court conducted a sentencing hearing and sentenced appellant to the maximum term of eighteen months incarceration. The court further ordered this sentence to be served consecutively to a sentence imposed and which appellant was serving in the State of Indiana.
 {¶ 5} Appellant timely filed a notice of appeal and set forth the following two assignments of error:
 {¶ 6} "The record as presented at the time of the appellant's sentence and as presented in this appeal, is insufficient to support a maximum prison term to be imposed upon the appellant.
 {¶ 7} "The sentence imposed by the trial court, in which the trial court imposed the appellant's sentence in this case, to be served consecutively with the sentence which he is currently serving in the state of indiana is contrary to law."
 I {¶ 8} Appellant maintains in his first assignment of error, in essence, that the trial court's decision to impose a maximum sentence on the count of grand theft is against the manifest weight of the evidence and contrary to law. We disagree.
 {¶ 9} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08 (G)(1); State v. Garcia (1998),126 Ohio App.3d 485, 487. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."Garcia at 487.
 {¶ 10} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation reports; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statement made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08 (F)(1) through (3); State v.Mills (Sept. 25, 2003), 5th Dist. No. 03-COA-001. The sentence imposed by the trial court should be consistent with overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 11} Pursuant to R.C. 2929.14(C), a trial court may impose a maximum sentence under the following conditions:
 {¶ 12} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 13} This statute is to be read in the disjunctive. SeeState v. Comersford (June 3, 1999), Delaware App. No. 98-CAA-01004 at 3. Accordingly, a maximum sentence may be imposed if the trial court finds any one of the above-listed offender categories apply.
 {¶ 14} The transcript of the sentencing hearing indicates that the trial court received and considered a pre-sentence investigation and report. (T. at 3). At the sentencing hearing, the court stated "* * * there's a guidance or presumption of community control and only if the court makes certain findings can that presumption or guidance be overcome."
 {¶ 15} "We have to weigh the recidivism factors. One of those factors indicates that you are more likely to commit an offense than not. You were under felony court sanctions in two states at the time this offense occurred. . . ." (T. at 9). The trial court reviewed certain portions of the pre-sentence investigation report and noted that the appellant had an extensive criminal record. (T. at 9-11). The court further noted that appellant had received unfavorable termination on previous supervision. (T. at 11). The court stated: "I don't find anything indicating recidivism is unlikely." (Id.).
 {¶ 16} The trial court further found that in committing the offenses the appellant had held a position of trust and that the offense related to that position. (Id.). At the time appellant committed the current offense, he was under community control sanctions. (Id. at 12.). The trial court found clearly that the appellant is not amenable to community control sanctions. (Id.).
 {¶ 17} Further, the trial court found appellant to be a threat to the community and that he poses the greatest likelihood of recidivism. (Id. at 12.). We find the above language by the trial court sufficient to meet the mandates set forth in R.C.2929.14 (C).
 {¶ 18} Alternatively, we also note that we do not know the specific contents of the pre-sentence investigation report or any of the victim impact statements as appellant did not make them a part of the record. In State v. Untied (Mar. 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:
 {¶ 19} "Appellate review contemplates that the entire record be presented. App. R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.
 {¶ 20} "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence, or `contrary to law'." Id. at 7. See, also, State v. Mills (Sept. 25, 2003), 5th Dist. No. 03-COA-001 at paragraph, 13-15.
 {¶ 21} We reached the same conclusion, in the case subjudice, because appellant failed to include in the record the pre-sentence investigation report and the victim impact statements.
 {¶ 22} Appellant's first assignment of error is overruled.
 II {¶ 23} In his second assignment of error, appellant alleges that the trial court erred when it sentenced appellant to serve the sentence in the case at bar consecutive to a sentence imposed by a court in the State of Indiana. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We agree.
 {¶ 24} As the State correctly points out the authority ofState v. Phelps (Aug. 31, 2000), 8th Dist. No. 77100 has been abrogated. The version of R.C. 2929.41 (B)(3) in effect at the time appellant was alleged to have committed the offenses is set out below.
 {¶ 25} The statutory scheme assumes that sentences imposed in separate cases will be concurrent unless the court determines consecutive sentences should be imposed under R.C. 2929.14 (E).State v. Givens, Cuyahoga App. No. 80319, 2002-Ohio-4904. R.C.5145.01 provides that "[i]f a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of Sections 2929.14 and 2929.41 of the Revised Code apply." R.C. 2929.41 (B)(3), in effect at the time the offenses were committed, stated: "[i]f a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States".
 {¶ 26} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c). R.C. 2929.14(E)(4) states as follows:
 {¶ 27} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 28} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 29} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 30} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 31} Revised Code 2929.19(B)(2)(c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 32} Recently, the Ohio Supreme Court addressed when and where a trial court must state the required findings and reasons to impose a consecutive sentence. In State v. Comer, the Ohio Supreme Court held that the findings and reasons to impose consecutive sentences must be stated by the trial court at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 33} The import of the decision in State v. Comer, supra,
is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision upon the statutorily enumerated criteria. This procedure allows trial counsel "the opportunity to correct obvious errors . . . [and] encourages judges to decide how the statutory factors apply to the facts of the case." Id. at 477-478. This procedure will also enable an appellate court to conduct a meaningful review of the sentencing decision. Id. at 465-66. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id. at 466. (Citations omitted).
 {¶ 34} R.C. 2953.08 (G)(2) instructs the appellate court to review the "record" to determine whether consecutive sentences were properly imposed in a given case.
 {¶ 35} When imposing consecutive sentences in this case, the trial court stated: "You do pose the greatest likelihood of recidivism, so I am going to sentence you to eighteen months in prison, which will begin when you complete your sentence in Indiana. Again, you're under community control when this offense was committed and your criminal history requires this to be consecutive if it can be so under the Interstate Detainer Act. I'll wait for Mr. Boger to file something to show what day's credit there should be and if, in fact, it can be consecutive or not, we'll allow Mr. Darr to respond."
 {¶ 36} "In any event, the sentencing entry will make it consecutive so that you go back to Indiana at this point and we'll have a holder on you. . . ." (T. at 12-13).
 {¶ 37} Upon a review of the trial court's statements and a thorough review of the sentencing hearing transcript, we must conclude that the trial court's findings did not comply with the sentencing statute. In particular, the trial court never found that consecutive sentences were necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The trial court should also state its reasons on the record for any such finding.
 {¶ 38} We find the trial court failed to state on the record at the sentencing hearing the findings and reasons as required by R.C. 2929.14 (E)(4) and Comer, supra. We therefore hold that a remand for re-sentencing is warranted.
 {¶ 39} Appellant's second assignment of error is sustained.
 {¶ 40} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed in part and reversed in part. The consecutive sentence of the Delaware County Court of Common Pleas, is vacated, and the case is remanded to the trial court for re-sentencing.
Gwin, P.J., Farmer, J., and Edwards, J., concur.
 {¶ 41} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed in part and reversed in part. The consecutive sentence of Delaware County Court of Common Pleas is vacated, and the case is remanded to the trial court for re-sentencing.