[Cite as *State v. Hughes*, 2016-Ohio-880.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15CA0008 |
| | : | |
| RICHARD A. HUGHES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Coshocton County Court of Common Pleas, Case No. 14 CR 0093

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      March 4, 2016

APPEARANCES:

For Plaintiff-Appellee:

JASON W. GIVEN
COSHOCTON CO. PROSECUTOR

318 Chestnut St.
Coshocton, OH 43812

For Defendant-Appellant:

JEFFREY A. MULLEN
COSHOCTON CO. PUBLIC
DEFENDER
239 N. Fourth St.
Coshocton, OH 43812

*Delaney, J.*

{¶1}   Appellant Richard A. Hughes appeals from the Judgment Entry on Sentencing of June 10, 2015 of the Coshocton County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose when the Coshocton County Sheriff's Office investigated information brought to them by two informants, a mother and father.  The parents told detectives their daughter's boyfriend was selling drugs out of the house trailer all four lived in together located at 4388 U.S. 36.  The informants identified appellant as the boyfriend and said he kept drugs and weapons in a safe in the closet of a bedroom he shared with his girlfriend, Kaeley Arnold.

{¶3}   Detectives set up two controlled buys.  The first buy occurred on June 11, 2014.  The informants were searched and wired for video and sound.  Detectives followed them to the trailer and watched them enter.  The informants came out a short time later and turned over $180 worth of heroin they bought from appellant.  Detectives discovered, however, both wires failed and the transaction was not recorded.

{¶4}   A second controlled buy was set up for June 30, 2014.  The informants were again searched and wired for video and sound.  They entered the trailer and returned with $180 worth of heroin.  This time, the wires worked and detectives obtained a video of appellant sitting at a table crushing up pills, taking $180 from the female informant, and giving her a baggie containing heroin.  The exchange of money for heroin was captured on video.

{¶5} Additional intelligence indicated appellant had been selling drugs over time. The informants advised at first appellant did not deal out of the trailer, but as time went on more and more of his trafficking took place there. The informants said appellant took trips to Newark where he obtained more drugs from his supplier. In Coshocton, appellant distributed the drugs to "runners" to sell on the street. Appellant reportedly kept a large amount of drugs and cash in a safe in the bedroom closet. He also reportedly kept a firearm in the bedroom.

{¶6} On July 1, 2014, detectives obtained a "no-knock" search warrant for the trailer based upon information appellant was armed and a known drug user himself. Officers were also concerned about Arnold's response to the police and the possible destruction of evidence.

{¶7} The search warrant was executed on July 2, 2014. Appellant and Arnold were found in the bedroom and detained. Detectives found small amount of heroin in the bedroom, along with a .22 Jennings handgun on the nightstand and a safe bolted to the floor in the closet.

{¶8} Detectives obtained a second search warrant for the safe and Arnold provided the combination. Inside the safe, detectives found large amounts of heroin, crack cocaine, pills, marijuana, Suboxone, cash, and paperwork including vehicle titles.

{¶9} Appellant was charged by indictment with one count of trafficking in heroin pursuant to R.C. 2925.03(A)(1) and (C)(6)(a), a felony of the fifth degree [Count I]; one count of possession of cocaine in an amount equal to or exceeding 100 grams pursuant to R.C. 2925.11(A) and (C)(4)(f), a felony of the first degree [Count II]; one count of possession of heroin in an amount equal to or exceeding two hundred fifty grams pursuant

to R.C. 2925.11(A) and (C)(6)(f), a felony of the first degree [Count III]; one count of possession of controlled substance (Alprazolam) having previously been convicted of a drug abuse offense pursuant to R.C. 2925.11(A) and (C)(2)(a), a felony of the fifth degree [Count IV]; and one count of possession of controlled substance (Buprenorphrine) in an amount exceeding bulk pursuant to R.C. 2925.11(A) and (C)(2)(b), a felony of the fourth degree [Count V].    Counts II and III included firearms and major drug offender specifications in addition to a property forfeiture specification referencing $34,117 in cash, various jewelry, a television, and a safe.  Counts IV and V contained the firearms and property forfeiture specifications.

{¶10} Count I referenced the sales transaction on June 30, 2014; the remaining counts referenced possession of controlled substances on July 2, 2014.

{¶11} Appellant entered pleas of not guilty and filed a motion to suppress. Appellee responded with a motion in opposition and the trial court took evidence on April 3, 2015.  The trial court overruled the motion to suppress by Judgment Entry dated April 6, 2015.  Appellee filed a motion in limine and notice of intent to offer evidence of appellant's prior drug convictions.  Appellant responded with a motion in opposition.

{¶12} On April 28, 2015, appellant changed his pleas of not guilty to ones of guilty upon Count I and upon the remaining counts as amended; appellee dismissed the firearms specifications from Counts II, III, IV, and V.  The trial court found appellant guilty and deferred sentencing pending a pre-sentence investigation (P.S.I.).

{¶13} Appellant appeared for sentencing which was memorialized in a Judgment Entry on Sentencing entered June 10, 2015.  Appellant argued Counts II through V should merge for sentencing but the trial court disagreed.  Appellant was sentenced to a prison

term of 11 months upon Count I; 11 years upon Count II; 11 years upon Count III; 11 months upon Count IV; and 17 months upon Count V. The sentences upon Counts II and III were ordered to be served consecutively to each other. The sentences upon Counts I, IV, and V were ordered to be served concurrently with each other and concurrently with the terms in Counts II and III. Appellant's aggregate prison term is thus 22 years.

{¶14} When imposing the consecutive sentences, at the hearing and on the record, the trial court noted appellant's significant record of drug trafficking, stating appellant graduated from relatively low-level offenses to major drug offender status. The trial court also noted the following in its judgment entry of sentence:

> * * * *.

> In imposing a consecutive sentence, the Court finds that a consecutive sentence is necessary to protect the public from future crime and to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. In support of the need to impose consecutive sentences is [appellant's] criminal history, which shows that [appellant] was convicted of felony offenses in Case Nos. 01 CR 085, 01 CR 096, 04 CR 110, 07 CR 0181, and 09 CR 0048, as well as the instant cases. All cases were from this Court.

> * * * *.

{¶15} The trial court found appellant to be a major drug offender and granted the property forfeiture specification.  Appellant now appeals from the trial court's Judgment Entry on Sentencing of June 10, 2015.

{¶16} Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶17} "I.  THE TRIAL COURT ERRED IN FAILING TO MERGE COUNTS TWO THROUGH FIVE AT SENTENCING."

{¶18} "II.  THE TRIAL COURT ERRED IN FAILING TO SENTENCE COUNTS TWO THROUGH FIVE CONCURRENTLY."

## ANALYSIS

### I.

{¶19} In his first assignment of error, appellant argues Counts II through V should have merged for purposes of sentencing because they are allied offenses of similar import.  We disagree.

{¶20} A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. *State v. Carr*, 5th Dist. Perry No. 15-CA-00007, 2016-Ohio-9, --N.E.3d--, ¶ 42, citing *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, 895 N.E.2d 149, ¶ 42.  R.C. 2941.25 states as follows:

> (A) Where the same conduct by defendant can be construed
>
> to constitute two or more allied offenses of similar import, the
>
> indictment or information may contain counts for all such offenses,
>
> but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} In the relevant counts, appellant entered guilty pleas to possession of cocaine in an amount equal to or greater than 100 grams [Count II]; possession of heroin in an amount greater than or equal to 250 grams [Count III]; possession of Alprazolam having previously been convicted of a drug abuse offense [Count IV]; and possession of Buprenorphrine in an amount exceeding bulk [Count V]. Appellant argues these offenses should merge because each offense represents a controlled substance found together in appellant's locked safe recovered during execution of the search warrant. Appellant argues this possession of multiple substances is a single criminal act, but case authority does not support appellant's position.

{¶22} The question of whether offenses merge for sentencing depends upon the subjective facts of the case in addition to the elements of the offenses charged. In a plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061. The Court directed us to look at the elements of the offenses in question and determine whether or not it is possible to commit one offense and commit the other with the same conduct. Id. at ¶ 48. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were

committed by the same conduct. Id. at ¶ 49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. Id. at ¶ 50. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. Id. at ¶ 51.

{¶23} *Johnson's* rationale has recently been described by the Court as "incomplete." *State v. Earley*, 2015-Ohio-4615, __N.E.3d__, ¶ 11. The Court has recently spoken again on merger issues and instructs us to ask three questions when a defendant's conduct supports multiple offenses: (1) were the offenses dissimilar in import or significance? (2) were they committed separately? and (3) were they committed with separate animus or motivation? *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, ¶ 31. An affirmative answer to any of the above will permit separate convictions. Id. The conduct, the animus, and the import must all be considered. Id.

{¶24} As appellee points out, pursuant to R.C. 2925.11, each of the controlled substances at issue in the instant case is classified and penalized differently based upon its type and quantity. It would thus defeat the legislature's intent to merge the drug possession offenses into a single offense for purposes of sentencing. In *State v. Williams*, the Fourth District Court of Appeals summarized the issue as follows:

> Here, Williams' various crimes relating to different controlled substances are of dissimilar import and do no not merge. *State v. Jones*, [18 Ohio St.3d 116, 480 N.E.2d 408 (1985)], discussed the issue of whether a defendant could be convicted of multiple counts of aggravated vehicular homicide resulting from a single collision.

The relevant inquiry is "whether the legislature intended the relevant statute[s] to authorize multiple convictions." *Jones* at 117. Having reviewed the legislative intent of R.C. 2925.11, "[t]he Supreme Court of Ohio has held that the simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11." *State v. Westbrook,* [4th Dist. Scioto No. 09CA3277, 2010–Ohio–2692], at ¶ 42, citing *State Delfino*, [22 Ohio St.3d 270, 490 N.E.2d 884 (1986)], at syllabus. The same holds true for trafficking in multiple controlled substances. *Westbrook* at ¶ 46.

*State v. Williams*, 4th Dist. Scioto No. 11CA3408, 2012-Ohio-4693, ¶ 85.

{¶25} Other courts have agreed the legislature clearly intended possession of different drug groups constitutes different offenses, thus if different drugs and different bulk amounts are involved, "[m]erger as allied offenses is simply not correct * * *." *Houston v. Erdos*, S.D.Ohio No. 1:14-CV-956, 2016 WL 126896, *12 (Jan. 12, 2016), citing *Delfino*, supra, 22 Ohio St.3d at 274 and *Westbrook,* supra, 2010-Ohio-2692 at ¶ 43. See also, *State v. Santiago*, 8th Dist. Cuyahoga No. 101601, 2015-Ohio-1300, ¶ 12 [simultaneous possession of heroin and cocaine, each recognized as a separate offense under R.C. 2925.11, does not constitute allied offenses of similar import for sentencing]; *State v. Johnson,* 6th Dist. Ottawa No. OT–13–022, 2014–Ohio–1558 [simultaneous possession of heroin, cocaine, and oxycodone did not constitute allied offenses of similar import for sentencing because simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11]; *State v. Huber,* 2nd

Dist. Clark No. 2010–CA–83, 2011–Ohio–6175 [convictions for possession of methadone, hydrocodone, oxycodone, and fentanyl did not merge because legislature intended possession of different drug groups constitutes different offenses under R.C. 2925.11]; *State v. Heflin,* 6th Dist. Lucas No. L–11–113, 2012–Ohio–3988 [convictions for simultaneous possession of cocaine and heroin are not subject to merger as allied offenses of similar import under R.C. 2941.25]; *State v. Helmick*, 9th Dist. Summit No. 27179, 2014-Ohio-4187 [possession of methamphetamine and marijuana are not allied and not subject to merger].

{¶26} We therefore conclude Counts II through V are not allied offenses of similar import and the trial court properly did not merge the offenses for sentencing.

{¶27} Appellant's first assignment of error is overruled.

II.

{¶28} In his second assignment of error, appellant argues the sentences for Counts II through V should be served concurrently.  We disagree.

{¶29} Appellant takes issue with the consecutive sentences imposed upon Counts II and III in the instant case.[1] The presumption in Ohio is that sentences are to run concurrently unless the trial court makes the required findings for imposing consecutive sentence set forth in R.C. 2929.14(C)(4). See, R.C. 2929.41(A).

{¶30} R.C. 2929.14(C) states:

---

[1] Appellee argues appellant is not entitled to appeal his consecutive sentences because he did not seek leave to appeal pursuant to R.C. 2953.08(G)(2)(a).  Because we find appellant's argument fails substantively, we choose to address the argument on the merits.

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects' the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶31} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences.

{¶32} The Ohio Supreme Court recently addressed the requirements for imposing consecutive sentences in a comprehensive fashion, finding a trial court must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry; the trial court has no obligation to state reasons to support its findings. *State v. Starcher*, 5th Dist. Stark No. 2015CA00058, 2015-Ohio-5250, ¶ 31, citing *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. The Court further explained "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. at ¶ 29.

{¶33} R.C. 2929.14(C)(4) thus requires the court to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the three findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies.  In the instant case, the trial court made the requisite findings on the record at the sentencing hearing and in its judgment entry of sentence.  The trial court noted appellant's criminal history of drug trafficking offenses culminating in his present convictions as a major drug offender. Previous prison terms did not deter appellant from continuing to traffic in drugs.  The court also noted the difference in the harms inflicted by heroin versus cocaine, deploring the havoc heroin has wreaked upon appellant's community.

{¶34} Appellant also summarily argues his sentence is disproportionate to his conduct, a sentiment the trial court disavowed in its ringing indictment of the evils of heroin

trafficking. A felony sentence should be proportionate to the severity of the offense committed so as not to "shock the sense of justice in the community." *State v. Chafin,* 30 Ohio St.2d 13, 17, 282 N.E.2d 46; R.C. 2929.11(B). A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Ewert,* 5th Dist. Muskingum No. CT2012–0002, 2012–Ohio–2671, ¶ 33, citing *State v. Breeden,* 8th Dist. Cuyahoga No. 84663, 2005–Ohio–510, ¶ 81. Appellant has not provided any evidence his sentence is constitutionally disproportionate. Instead, he argues the trial court exceeded its fact-finding duties in imposing a prison term of "the kind of time served by murderers and rapists." We note the quantity of controlled substances involved here, combined with appellant's lengthy felony record of drug trafficking offenses, support the trial court's sentences.

{¶35} We further note the trial court referred to the P.S.I. repeatedly in sentencing appellant but appellant did not include the P.S.I. in the record. In *State v. Untied*, 5th Dist. Muskingum No. CT97-0018, 1998 WL 401768, *8 (Mar. 5, 1998), we noted appellate review contemplates that the entire record be presented and if portions of the transcript necessary to resolve issues are not included, we must presume regularity in the trial court proceedings and affirm. The P.S.I. report could have been submitted "under seal" for our review. Id. Absent the cited information and considering the trial court's findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or 'contrary to law.'" *State v. Henderson*, 5th Dist. Stark No. 2004-CA-00215,

2005-Ohio-1644, ¶ 48, citing *State v. Wallace*, 5th Dist. Delaware No. 03-CA-A-07-043, 2004-Ohio-1694 and *State v. Mills*, 5th Dist. Ashland No. 03-COA-001, 2003-Ohio-5083.

{¶36} We conclude the trial court properly imposed consecutive sentences and appellant's second assignment of error is overruled.

## CONCLUSION

{¶37} Appellant's two assignments of error are overruled and the judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.