[Cite as *State v. Thompson*, 2020-Ohio-3249.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EBONY THOMPSON, | : | Case No. 2019 CA 00097 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Licking County
Court of Common Pleas, Case No.
18-CR-072


JUDGMENT:         Affirmed


DATE OF JUDGMENT:         June 5, 2020


APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
Licking County Prosecutor

By: PAUL M. SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

JAMES A. ANZELMO
Anzelmo Law
446 Howland Drive
Gahanna, Ohio 43230

*Baldwin, J.*

{¶1}   Appellant, Ebony Thompson, appeals the decision of the Licking County Court of Common Pleas imposing consecutive sentences for two counts of theft in violation of R.C. 2913.02(A)(1).  Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   Appellant, Ebony Thompson, plead guilty to two counts of theft, the first occurring on January 20, 2019 and the second on January 23, 2019.  Thompson claims that the trial court erred by not merging the two counts, that her trial counsel was ineffective for not objecting to the trial court's failure to merge the counts and that the record does not support the trial court's imposition of consecutive sentences.

{¶3}   Appellee charged Thompson with two theft offenses, fifth degree misdemeanors, in violation of  R.C. 2913.02(A)(1) based upon allegations that she took $2000.00 in merchandise from a department store on January 20, 2019 and returned to that same store on January 23, 2019 and stole $4000.00 in merchandise.  Thompson appeared with counsel, entered a plea of not guilty and was release on bond on February 25, 2019.  A capias was issued for her arrest on April 24, 2019 for violation the terms of her pre-trial release but was withdrawn when she voluntarily appeared before the court and presented evidence that she was hospitalized during the time that she failed to report to her probation officer.

{¶4}   Thompson failed to appear for a Pre-Sentence Interview on July 8, 2019 and a change of plea and sentencing hearing on July 23, 2019.  A capias was issued for her arrest and she was brought before the trial court on August 12, 2019 for a bond

hearing.  Unable to post bond, she remained incarcerated until her plea hearing and sentencing.

{¶5}   Thompson appeared before the trial court on August 30, 2019 and entered a plea of guilty.

{¶6}   At the plea hearing, the trial court reviewed Thompson's criminal record. Thompson had fifteen prior theft convictions over the prior decade as well as eight dismissed charges of theft and was on probation by order of the Franklin County Common Pleas Court at the time of the plea. She acknowledged that she was recently sentenced to 120 days incarceration by the Franklin County Court of Common Pleas for a probation violation.  Appellee informed the trial court that Thompson violated community control numerous times in the past and that she did not comply with the conditions of her bond in this case.

{¶7}   Thompson stated she had been homeless for the past two months and was unemployed. She claimed that she did not harm or threaten anyone and that she committed the thefts in an effort to support her children.

{¶8}   The trial court sentenced Thompson to two years in prison, one year for each count, and ordered that the sentences were to be served consecutively.  The trial court addressed the need for consecutive sentences at the plea hearing and in its judgment entry:

> The Court has decided that the offender shall serve the prison terms
> consecutively, pursuant to R.C. 2929.14(C)(4), because the Court finds that
> the consecutive sentences are necessary to protect the public from future
> crime or to punish the offender and that consecutive sentences are not

disproportionate to the seriousness of the offenders conduct and to the danger the offender poses to the public, and the Court also finds the following:

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Judgment Entry, Aug. 30, 2019, p. 2; Change of Plea Hearing, p. 26, line 5-9.

{¶9} Thompson filed a notice of appeal and submitted three assignments of error:

{¶10} "I. THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT MERGING THOMPSON'S THEFT OFFENSES, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

{¶11} "II. THOMPSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

{¶12} "III. THE TRIAL COURT UNLAWFULLY ORDERED THOMPSON TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HER RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I.

**{¶13}** In her first assignment of error, Thompson contends that the trial court committed plain error by not merging Thompson's theft offenses, arguing that because the victim was the same and that both offenses were thefts, the offenses were allied offenses of similar import that should be merged.

**{¶14}** Appellate review of an allied-offense question is de novo. *State v. Miku,* 5th Dist. No. 2017 CA 00057, 2018-Ohio-1584, ¶ 70, appeal not allowed, 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207 (2019), quoting *State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12. In the instant case, however, Thompson did not seek merger at trial. By failing to seek the merger of convictions as allied offenses of similar import in the trial court, a defendant forfeits his or her allied offenses claim for appellate review, except for plain error. *State v. Rogers,* 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶ 21. In *Rogers,* the Court reaffirmed that even if an accused shows the trial court committed plain error affecting the outcome of the proceeding, the appellate court is not required to correct it. *Id.* at ¶ 23. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph 3 of the syllabus.

**{¶15}** Revised Code 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or

information may contain counts for all such offenses, but the defendant may be convicted of only one.

Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶16} The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes,* 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, ¶ 21. In a plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The Court directed us to look at the elements of the offenses in question and determine "whether it is possible to commit one offense *and* the other with the same conduct." *Id.* at ¶ 48[Emphasis sic]. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. *Id.* at ¶ 49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶ 51.

{¶17} Johnson's rationale has been described by the Court as "incomplete." *State v. Earley,* 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11. The Supreme Court of Ohio has further instructed us to ask three questions when a defendant's conduct

supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

**{¶18}** These offenses were committed on different dates and involved different products, with the only identical factor being the store in which they were committed. Due to the temporal difference, it is not possible to have committed both offenses with the conduct that happened on January 20, 2019. The commission of the first offense will never result in the commission of the second. Further, they were committed separately, on two separate dates. Consequently, we hold that Thompson was not charged with allied offenses of similar import, the charges do not merge and the trial court did not commit plain error.

**{¶19}** Appellant's first assignment of error is denied.

II.

**{¶20}** Thompson next complains that she received ineffective assistance of counsel because her trial attorney did not object to the trial court's failure to merge the charges.

**{¶21}** In *State v. Davis,* 2020-Ohio-309 (Ohio), ¶10 the Supreme Court of Ohio reaffirmed the appellant's burden for establishing that she suffered from ineffective assistance of counsel:

In order to prevail on an ineffective-assistance-of-counsel claim, a

defendant must prove that counsel's performance was deficient and that the

defendant was prejudiced by counsel's deficient performance. *Bradley,* 42 Ohio St.3d at 141-142, 538 N.E.2d 373; *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. See *Bradley* at paragraphs two and three of the syllabus. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* at 142, 538 N.E.2d 373, quoting *Strickland* at 694, 104 S.Ct. 2052.

**{¶22}** Thompson alleged that her trial counsel was ineffective for not objecting when the trial court did not merge the charges prior to sentencing.  We have held that the charges are not allied offenses of similar import in our analysis of the first assignment of error and need not be merged, so Thompson's allegation and this assignment of error must fail for lack of evidence that trial counsel's performance was deficient.

**{¶23}**  Appellant's second assignment of error is denied.

III.

**{¶24}**  In her third assignment of error, Thompson contends that the trial court's decision to impose consecutive sentences should be vacated because the trial court imposed them in contravention of the sentencing statutes, but later concedes that "when the trial court ordered Thompson to serve consecutive sentences, it made findings under R.C. 2929.14(C)(4)" as it was obligated to do. (Appellant's Brief, p.6).  Thompson then argues that the facts do not support consecutive sentences.

**{¶25}** Our authority to modify or vacate any sentence is limited to those circumstances where we clearly and convincingly find that "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant  [or] [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a), (b).  Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. Silknitter,* 3rd Dist. Union No. 14–16–07, 2017–Ohio–327, ¶ 7 quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1, quoting *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but does not require the certainty of "beyond a reasonable doubt." *Marcum,* at ¶ 22 quoting *Ledford.*

**{¶26}** Thompson's argument falls short of providing this court clear and convincing evidence that the record does not support the trial courts findings.  She contends that ordering that the sentences be served consecutively is error because she expressed remorse at the plea hearing, did not cause physical harm when she committed the offenses and the thefts were not an "egregious amount of money."  While these facts can be relevant, they do not "affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *State v. Hull,* 11th Dist. Lake No. 2016–L–035, 2017–Ohio–157, ¶ 8. The record before the trial court supports its finding that consecutive

sentences were appropriate to protect the public, considering Thompson's criminal record.

**{¶27}** Upon review, we find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4). While appellant may disagree with the weight given to the facts by the trial judge, Thompson has failed to clearly and convincingly show the record does not support the trial court's findings, or that the aggregate two year sentence is otherwise contrary to law. Her third assignment of error is denied.

**{¶28}** The Decision of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.