**[Cite as *State v. Coriell*, 2023-Ohio-4113.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| WILLIAM RALPH CORIELL, | : | Case No. CT2023-0011 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2022-0568

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 November 14, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RON WELCH                                 RICHARD D. HIXON
Prosecuting Attorney                      3808 James Court, Suite 2
Muskingum County, Ohio                    Zanesville, Ohio 43701

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
37 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

**{¶1}**   William R. Coriell appeals the verdict of the jury in the Muskingum County Court of Common Pleas finding him guilty of domestic violence, a violation of R.C. 2919.25(A), a fourth degree felony as a result of a prior offense and Intimidation of an Attorney, Victim or Witness in a Criminal Case, in violation of R.C. 2921.04(B)(1), a felony of the third degree.  Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   Coriell contends the trial court erred when it permitted the victim of his crimes to testify about his threats and assault and when it allowed a police officer to repeat the victim's post-assault complaint that Coriell had struck her, pushed her against the wall and bruised her.  He further contends the Counts should have been merged and that the verdict was not supported by the manifest evidence.  We reject Coriell's claim that he was entitled to shield his actions with the spousal privilege described in R.C. 2317.02(D), that the victim's statements were barred by the hearsay rule and that the charges should merge.  We find that the verdict was supported by the evidence and that Coriell's Assignments of Error have no merit.

**{¶3}**   Patrolman Logan Miller of the Zanesville Police Department responded to a call from the victim, Katlin Curliss on October 28, 2022 claiming that her husband, William Coriell, had assaulted her.  She explained that she was obligated to appear at a trial regarding domestic violence charges against Coriell later that morning, and that the threats and assault were an attempt to persuade her to change her testimony.

**{¶4}**   Curliss told Officer Miller that she returned to her room at the Travel Inn where she and her husband were staying and they began arguing about the upcoming

domestic violence trial. She attempted to leave and Coriell grabbed her wrist and told her that she was not going anywhere. She stayed in the room for several hours until it was time to prepare to go to court.

{¶5} As she was preparing to leave, Coriell told her that "she needed to change it, tell the judge nothing happened, and that she didn't want to file charges." (Trial Transcript, p. 182, lines 7-9). She told the Officer that Coriell "* * * grabbed her throat and pushed her up against the wall and said, I want you to walk in the courtroom, tell the judge that you want the charges dropped, that you were scared and upset, and that there -- nothing else needs to happen with this" and then he let go. (*Id.* at lines 10-15). She continued with her complaint by telling the Officer that they continued arguing and Coriell grabbed her by the throat again and threw her down, injuring her elbow.

{¶6} Curliss insisted on showing the Officer each injury she received. Officer Miller photographed each as she pointed out a bruise on her left arm, left elbow and left wrist, a scratch and marks on her neck. Curliss filed a domestic violence complaint and Officer Miller arrested Coriell.

{¶7} Coriell was charged with domestic violence, a violation of R.C. 2919.25(A), a fourth degree felony as a result of a prior offense and Intimidation of an Attorney, Victim or Witness in a Criminal Case in violation of R.C. 2921.04(B)(1), a felony of the third degree. The case was presented to a jury who returned a guilty verdict and the trial court imposed an aggregate prison term of thirty-six months.

{¶8} Coriell filed a timely appeal and submitted four Assignments of Error:

{¶9} "I. THE JURY'S GUILTY VERDICT AS TO COUNT TWO OF THE INDICTMENT WAS BASED ON INADMISSIBLE HEARSAY EVIDENCE, IN VIOLATION OF DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS."

{¶10} "II. THE JURY'S GUILTY VERDICTS AS TO COUNTS ONE AND TWO OF THE INDICTMENT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶11} "III. THE TRIAL COURT ERRED WHEN IT COMPELLED MS. CURLISS'S TESTIMONY, DESPITE THE ASSERTION OF THE R.C. SEC. 2317.02(D) SPOUSAL PRIVILEGE BY DEFENDANT/APPELLANT."

{¶12} "III. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT/APPELLANT ON BOTH COUNTS ONE AND TWO, AS THE TWO COUNTS SHOULD HAVE MERGED FOR THE PURPOSES OF SENTENCING UNDER R.C. SEC. 2941.25."

**ANALYSIS**

{¶13} Coriell has rearranged the order of his Assignments of Error between the statement of the assignments and his argument. We will follow the order presented in his argument.

{¶14} Further, he modified the First Assignment of Error between the statement of the assignments and the argument. In his argument, he describes the assignment of error as "The Trial Court Erred When It Allowed Ms. Curliss's Testimony Regarding Communications Made Between Spouses In Coverture Despite The Assertion Of The R.C. Sec. 2317.02(D) Spousal Privilege By Defendant/Appellant" but the corresponding assignment of error in the statement of assignments is "The Trial Court Erred When It Compelled Ms. Curliss's Testimony, Despite The Assertion Of The R.C. Sec. 2317.02(D)

Spousal Privilege By Defendant/Appellant." For purposes of our review, we will rely on the assignment of error described in Coriell's Argument.

## I.

{¶15} Coriell argues in his First Assignment of Error that his demand that Curliss "make it right" and his threats to her safety were communications made in coverture without the presence of a third person competent to testify and therefore Curliss was not permitted to testify regarding the content of those conversations or the acts he committed. (R.C. 2317.02(D)). Coriell is implying, without stating, that the privilege is unlimited and can be utilized to protect a criminal act when the victim is a spouse.  We cannot accept his interpretation of this statute and the privilege described therein.

{¶16} The Tenth District Court of Appeals, relying on *Sessions v. Trevitt* (1883), 39 Ohio St. 259, found the purpose of spousal privilege is the "public policy which requires that husband and wife not be allowed to betray the trust and confidence which are essential to the happiness of the marital estate." *Harrison v. Harrison,* 10th Dist. Franklin No. 91AP-888, 1992 WL 40556, *2. The court found that the privilege provided under R.C. 2317.02(D) does not apply to statements that "are not confidential in nature" and that  "abusive language and conduct of one spouse against another, [was] not privileged because they are unrelated to preservation of the marital relationship and do not contain an indicia of confidentiality. See *Ohio v. Taylor* (Aug. 10, 1988), Lorain App. No. 4280, unreported (Judge George concurring)." *Id.*

{¶17} "Verbal threats and violent acts between spouses are not marital "confidences" which the privilege was intended to shield from courtroom disclosure." *State v. Greaves*, 6th Dist. No. H-11-012, 2012-Ohio-1989, 971 N.E.2d 987, ¶ 19. The goal of

the privilege, to "promote marital peace and harmony" is "wholly lost where one spouse has threatened or physically assaulted the other." *Id.* at ¶ 20.

**{¶18}** Further, we have held that "[i]n criminal cases, spousal privilege is governed by R.C. 2945.42* * * ." *State v. Nowlin*, 5th Dist. Muskingum No. CT2012-0015, 2012-Ohio-4923, ¶ 38 and that statute expressly excludes communications made or acts done "* * * in the case of personal injury by either the husband or wife to the other * * * ." "Such threatening or turbulent behavior is incompatible with the traditional premise of inter-spousal harmony out of which the confidences of marriage are imagined to flow."(Citations omitted.) *Id.* at ¶ 44.

**{¶19}** Coriell threatened Curliss in an attempt to convince her to change her testimony and followed the threats with a physical attack. We find the spousal privilege inapplicable to Coriell's statements and actions as they are incompatible with the "traditional premise of inter-spousal harmony out of which the confidences of marriage are imagined to flow" and inconsistent with the goal of marital peace and harmony. The threats directed toward Curliss and her assault by Coriell are not communications or acts that are protected by spousal privilege.

**{¶20}** We find that the court did not err by denying Coriell's assertion that Curliss's testimony violated the spousal privilege.

**{¶21}** The First Assignment of Error is denied.

## II.

**{¶22}** In his Second Assignment of Error, Coriell contends that the jury's guilty verdict as to charge of Intimidation of an Attorney, Defendant. Victim, or Witness in a Criminal Case was based on inadmissible hearsay evidence. Coriell acknowledges that

trial counsel did not object to the alleged hearsay testimony so he is obligated to persuade this court that the admission of the testimony was plain error.

{¶23} Pursuant to Crim.R. 52(B), a plain error or defect affecting substantial rights may be noticed if not brought to the attention of the court. *State v. Long,* 53 Ohio St.2d 91, 94, 7 O.O.3d 178, 372 N.E.2d 804 (1978). Plain error is to be invoked only in exceptional circumstances to avoid a miscarriage of justice. (Citation omitted.) *Id.*

{¶24} The test for plain error is enunciated under Crim.R. 52(B). In order for Crim.R. 52(B) to apply, a reviewing court must find that (1) there was an error, i.e., a deviation from a legal rule; (2) that the error was plain, i.e., that there was an "obvious" defect in the trial proceedings; and (3) that the error affected "substantial rights," i.e., affected the outcome of the trial. (Citations omitted.) *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). We will apply this test to determine whether the admission of Curliss's statements to the Officer was plain error.

{¶25} Coriell contends the Officer's repetition of Curliss's statements was hearsay and trial court committed plain error by admitting them. Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible at trial unless it falls under an exception to the rules of evidence.

{¶26} The state counters that even if the statements are hearsay, they are otherwise admissible as an excited utterance. The excited utterance exception to the hearsay rule is contained in Evid.R. 803(2). If applicable, the exception is valid regardless of whether the declarant is available as a witness.

{¶27} An excited utterance is "[a] statement relating to a startling event or condition made while the declarant is under the stress of excitement caused by the event or condition." The rationale for the admission of these statements is that the shock of the event causes the declarant's reflective process to be halted. Thus, the statement is unlikely to have been fabricated and carries a high degree of trustworthiness.

{¶28} Coriell contends the shock of the alleged threats and assaults resolved before Curliss made her statements to the Officer. While some time had passed between the conflict and Curliss's report, there is no per se amount of time after which a statement can no longer be considered to be an excited utterance. The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought.

{¶29} Curliss reported the assault hours after the incident but it was still evident to Officer Miller that she was under the stress of the event. He reported that "She was very adamant about showing me. She started taking her shirt off kind of right in the middle of the conversation, and I told her slow down a little bit, let's figure it out. But, yes, she was very adamant about pointing to every specific injury." (Trial Transcript, p. 195, line 25 to p. 196, line 4). Officer Miller confirmed that she was "[v]ery upset and adamant about wanting to report it" and angry with Coriell. (*Id.* at p. 196, lines 5-6, 14-15). The record supports a finding that Curliss was still under the influence of the stress of the event, eroding the foundation that the trial court committed plain error.

{¶30} The Supreme Court of Ohio has "acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes*

at 27, 759 N.E.2d 1240, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus as quoted in *State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, 950 N.E.2d 931, ¶ 14. Our review for plain error in the context of this assignment of error is also limited by the rule that "[a] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.,* 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). An abuse of discretion is more than a mere error in judgment; it is a "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

**{¶31}** We find no plain error in this case because we do not find that the trial court abused its discretion by admitting the statement of Officer Logan Miller. There is sufficient evidence to demonstrate that the statement was an excited utterance by Ms. Curliss as she was still under the stress of the event.

**{¶32}** The Second Assignment of Error is overruled.

### III.

**{¶33}** In his Third Assignment of Error, Coriell contends that the jury's verdict was against the manifest weight of the evidence. He argues that Curliss's testimony was internally contradictory and incorporates his argument that the testimony of the Officer was hearsay and should not have been permitted.

**{¶34}** We have denied Coriell's Second Assignment of Error and found that the trial court did not commit plain error by failing to exclude Officer Miller's testimony

regarding Curliss's description of the offense, so that issue is resolved leaving only consideration of the credibility of Curliss.

**{¶35}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547 (1997) quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.* See *State v. Acker*, 5th Dist. Holmes No. 22CA008, 2023-Ohio-2085, ⁋ 36.

**{¶36}** Coriell was charged with "knowingly causing or attempting to cause physical harm" to his spouse, Curliss (Domestic Violence) and "knowingly and by force or by unlawful threat of harm to [Curliss] or by unlawful threat to commit any offense or calumny against [her] attempt to influence, intimidate, or hinder [her] in the filing or prosecution of criminal charges." (Intimidation).

**{¶37}** Curliss clearly described Coriell's assault of her and pointed out the bruises to the Officer for photographing.   While Coriell cites to the domestic violence charge in his argument and requests that his assignment be granted generally, he does not expressly contend that this charge was against the manifest weight of the evidence.  After

a review of the record, we find that the jury did not lose its way when it found Coriell guilty of domestic violence.

**{¶38}** The subject of Coriell's threats and assault was the pending domestic violence trial schedule for the next day. The circumstances support a conclusion that Coriell acted to convince Curliss to "make it right" by changing her story in court. Coriell offered no other explanation for his attack of Curliss. While Curliss's testimony suggests that she was not intimidated by the verbal and physical assaults, we find that the record contains sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Coriell knowingly attempted to "to influence, intimidate, or hinder [Curliss] in the filing or prosecution of criminal charges." After considering all the facts and circumstances, we find that this was not "exceptional case in which the evidence weighs heavily against the conviction."

**{¶39}** The Third Assignment of Error is denied.

## IV.

**{¶40}** In his Fourth Assignment of Error, Coriell argues that the trial court erred by failing to merge the two charges for sentencing pursuant to R.C. 2941.25, contending that the separate incidents were part of a continuing course of conduct rather than multiple occurrences.

**{¶41}** Appellate review of an allied-offense question is de novo. *State v. Miku,* 5th Dist. No. 2017 CA 00057, 2018-Ohio-1584, ¶ 70, appeal not allowed, 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207 (2019), quoting *State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

**{¶42}** Revised Code 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain Counts for all such offenses, but the defendant may be convicted of only one.

Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain Counts for all such offenses, and the defendant may be convicted of all of them.

**{¶43}** The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, ¶ 21. In a plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The Court directed us to look at the elements of the offenses in question and determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic). *Id.* at ¶ 48. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. *Id.* at ¶ 49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50. If, however, the court

determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶ 51.

**{¶44}** *Johnson's* rationale has been described by the Court as "incomplete." *State v. Earley,* 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11. The Supreme Court of Ohio has further instructed us to ask three questions when a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

**{¶45}** We have reviewed the record and find that there were two offenses separated in time by several hours. After the first offense, Curliss went into the bathroom. Hours later, when she was getting ready to go to court, the second offense occurred. The offenses "were committed separately" and, therefore separate convictions are permitted.

**{¶46}** The Fourth Assignment of Error is denied.

**{¶47}** The decision of the Muskingum County Court of Appeals is affirmed.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.